## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | | |
|---|---|---|
| **ACTALENT, INC.** | : | |
| | : | |
| **PLAINTIFF** | : | **Civil Action No. 3:25CV-00626-GNS** |
| v. | : | JUDGE GREG N. STIVERS |
| | : | |
| **TKT & ASSOCIATES, INC. and TKTKONNECT, LLC** | : | |
| | : | |
| **DEFENDANTS** | : | |

### ORDER

Pursuant to the Federal Rules of Civil Procedure, the Court hereby **ORDERS**:

1. **Magistrate Judge Regina S. Edwards** will conduct a **telephonic Rule 16 Scheduling Conference** on **January 5, 2026, at 1:00 PM EST.** The conference will be conducted **telephonically**. **Counsel who will try the case shall attend and shall connect to the call by dialing 1-650-479-3207 and entering Access Code 2316 055 1079.** Exceptions to this requirement shall be with the understanding that counsel who participate on behalf of any party (a) shall be fully prepared to discuss all aspects of the case with respect to the matters to be schedule, (b) shall be empowered to bind all counsel for that party with respect to dates agreed upon or ordered, and (c) shall have authority to enter into stipulations and to make admissions regarding all matters that the participants may reasonably anticipate may be discussed. Fed. R. Civ. P. 16(c) and (f). Counsel shall have conferred with their client(s) and be prepared to discuss dates for scheduling a settlement conference, to take place shortly following the close of discovery in the case.

Requests for change of the conference date shall be made to the Magistrate Judge's courtroom clerk, Ashley Henry, at (502) 625-3540, **no later than seven (7) days prior to the conference. No cell phone participation will be permitted.**

2. The agenda for the conference shall include all of the items set forth in Rule 16(c), Federal Rules of Civil Procedure, including but not limited to:

   a. The formulation and simplification of the issues.

   b. Admissions of fact, stipulations and avoidance of cumulative evidence.

   c. Consideration of the discovery plan and review of the automatic initial required disclosures.

   d. The possibility of settlement or the use of alternative methods of dispute resolution, including mediation.

   e. The need to adopt special procedures for managing potentially difficult or complex issues.

3. **No later than December 15, 2025,** counsel for the parties shall conduct the meeting of parties required by Rule 26(f) to discuss the nature and basis of their claims and defenses, the possibilities for a prompt settlement or resolution of the case, the exchange of initial disclosures required by Rule 26(a)(1) and to develop a proposed litigation plan.

4. **No later than December 29, 2025,** counsel for the parties shall file a written joint report outlining the proposed discovery plan. This report shall advise the Court as to the following information:

   a. the parties' views and proposals required by Rule 26(f);

   b. the length of time counsel reasonably believes will be necessary to join other parties and to amend the pleadings;

   c. the length of time counsel reasonably believes will be necessary to file dispositive motions; in setting a dispositive motion deadline, the Court will establish the same date for the filing of Daubert motions;

  d. the length of time counsel reasonably believes will be necessary to complete all pretrial discovery, including expert witness discovery;

  e. the length of time counsel reasonably believes will be necessary for the parties to make the expert disclosures required by Rule 26(a)(2), with these disclosures to be made during the pretrial discovery phase of the case;

  f. the probable length of trial and whether there will be issues to submit to a jury; and

5. The joint report referred to in paragraph 4 should also contain a statement as to whether the parties have discussed referral of this case to the United States Magistrate Judge for all purposes in the case, including trial, entry of a final judgment, and all post judgment proceedings, pursuant to Title 28 United States Code, Section 636(c) and Rule 73 of the Federal Rules of Civil Procedure and LR 73.1. (See Notice at Docket Number 13 on the Docket Sheet for consent form.)

6. If there is disagreement between the parties as to the specifics of the proposed litigation plan, the parties shall set out the nature of the disagreement in their joint report.

            JUDGE GREG N. STIVERS
            UNITED STATES DISTRICT COURT
            JAMES J. VILT, JR., CLERK

Date: November 24, 2025    By: /s/ *Traci J. Duff*
            Traci J. Duff, Deputy Clerk

Copies to: Counsel of record
     Ashley Henry