**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**CIVIL ACTION NO. 3:25-cv-626-GNS**

**ACTALENT, INC.**                                                                                                 **PLAINTIFF**

**vs.**

**TKT & ASSOCIATES, INC. et al**                                                     **DEFENDANT**

**ORDER**

      A telephonic scheduling conference was conducted in this action on January 5, 2026, with the undersigned presiding. Participating in the conference was Joshua Taylor Rose and Matthew David Bernstein on behalf of the plaintiff and John H. Dwyer, Jr. and Samuel Earl Towns Jones on behalf of the defendants.

      The Court has considered the parties' Rule 26(f) Report, and pursuant to Fed. R. Civ. P. 16, does **HEREBY ORDER AND ADJUDGE AS FOLLOWS:**

      (1)     The parties shall complete initial disclosures required of Fed. R. Civ. P. 26(a)(1) **no later than January 9, 2026**. The parties are under a continuing duty to supplement their disclosures and responses as required by Rule 26(e) whenever necessary during the entire course of this litigation. Supplementations shall be made within thirty days of first learning of the need to supplement, but **no later than** thirty days prior to the end of discovery.

      (2)     Any motions to join additional parties or amend the pleadings shall be filed by Plaintiff **no later than February 17, 2026** and by Defendants **no later than March 13, 2026.**

      (3)     **No later than July 31, 2026,** counsel shall disclose the identity of any person who may be used at trial to provide expert testimony under Fed. R. Civ. P. 26(a)(2)(A) and shall submit written reports from any expert witnesses who are retained or specially employed as required by Fed. R. Civ. P. 26(a)(2)(B). Any rebuttals due **no later than August 31, 2026.**[1]

---

[1] The parties do not anticipate utilizing experts at this time.

(4) **No later than July 24, 2026**, the parties shall complete fact discovery. The limitations placed on discovery by the parties as set out in their joint report are hereby adopted by the Court. Before filing any discovery motion, all counsel must do two things. First, make a good-faith effort to resolve the dispute. *See* Local Rule 37.1. The Court will not entertain discovery motions unless counsel have conferred or attempted to confer with opposing counsel or other affected parties. Second, contact the Magistrate Judge to schedule a telephonic conference concerning the discovery dispute counsel have failed to resolve. Counsel shall email Case Manager Ashley Henry at ashley_henry@kywd.uscourts.gov to identify the dispute and schedule the conference, copying all counsel of record. The email should not contain substantive legal arguments or recitations of the underlying facts, and should treat opposing counsel with respect and professional courtesy. **At least 24 hours before the conference, or sooner if directed by Ms. Henry, the parties shall submit via email brief memoranda (limited to 5 pages) outlining the dispute more thoroughly.** If the dispute persists after the telephonic conference with the Magistrate Judge, the moving party may submit a written motion. The motion must certify that, and explain how, counsel have conferred in good faith but remain unable to resolve the dispute. **ALL MOTIONS PERTAINING TO DISCOVERY SHALL BE FILED NO LATER THAN FIFTEEN (15) DAYS AFTER THE CLOSE OF ALL DISCOVERY.**

Unless otherwise agreed to by counsel, the use of all deposition testimony shall be governed by Fed. R. Civ. P. 32, and all depositions taken for trial purposes only shall be completed within the discovery period.

(5) **No later than September 24, 2026**, counsel for the parties shall file all dispositive motions. This same date is the filing deadline for motions related to the admissibility of expert testimony pursuant to Federal Rule of Evidence 702 (Daubert motions).

(6) All other limitations set forth in the Report of Parties' Planning Meeting to the extent they are not inconsistent with this Order, are incorporated herein.

(7) In the event discovery is completed and neither party anticipates filing dispositive motions, or in the event no dispositive motions are filed by the deadline, counsel shall notify the Magistrate Judge's Courtroom Deputy and the case will be set for a status conference. Upon

resolution of any dispositive motions which are filed, the court will enter appropriate orders regarding the scheduling of this case toward final resolution, if necessary.

  (8) Counsel shall file a joint status report no later than **March 5, 2026**. The report should provide details regarding the status of discovery, including what discovery has been completed, what discovery remains, any issues that have arisen in discovery, and any efforts to resolve such disputes. The report shall also detail the parties' positions on settlement of the case and whether they desire a settlement conference be scheduled with the undersigned. The Parties are warned that failure to file a timely joint status report complying with the above requirements could result in the scheduling of show-cause proceedings.

Date: January 5, 2026

  **ENTERED BY ORDER OF COURT:**
  **REGINA S. EDWARDS, MAGISTRATE JUDGE**
  **UNITED STATES DISTRICT COURT**
  **JAMES J. VILT, JR., CLERK**
  **By:**   /s/ *Ashley Henry*
    **Deputy Clerk**

Copies to: Counsel of Record

0|20